IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

JULIA PAIGE MCENTIRE,

    Plaintiff,

v.

THE BUDD GROUP, INC. AND SAINT JAMES PLANTATION, LLC,

    Defendants.

Civil Action No. 7:13-CV-00166-BR

**ANSWER OF DEFENDANT THE BUDD GROUP, INC.**

NOW COMES the Defendant The Budd Group, Inc. ("Budd Group" or "Defendant") in response to the allegations of the Plaintiff Julia Paige McEntire ("Plaintiff" or "McEntire") and says as follows:

1. Defendant is without sufficient information to admit or deny whether the address listed is Plaintiff's correct address and therefore denies same. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 1 of the Plaintiff's Complaint.

2. Defendant admits that its proper name is The Budd Group, Inc. and that its principal office is located at 2325 South Stratford Road, Winston-Salem. Defendant admits that it employs at least more than 100 employees. Except as expressly admitted herein Defendant denies the allegations set forth in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant admits that Plaintiff purports to bring an action pursuant to Title VII of the Civil Rights Act of 1964 based on alleged discrimination. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 3 of the Plaintiff's Complaint.

4. Defendant admits that Plaintiff purports to allege actions based on her termination of employment, an alleged failure to promote, and other violations of the statutes. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant admits that Plaintiff is not currently employed by Defendant and that she terminated her employment in 2011. Except as expressly admitted herein, Defendant denies the allegations set forth in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11.     Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and that she was issued a Notice of Right to Sue letter by the EEOC on or about May 6, 2013.  Exhibit A to Plaintiff's Complaint speaks for itself.  Except as herein admitted, Defendant denies the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12.     Defendant submits that Plaintiff is not entitled to any of the relief sought in the prayer for relief set forth in the Complaint and therefore denies the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

Defendant The Budd Group, Inc., having fully answered the Complaint of the Plaintiff, brings forth the following:

## FURTHER ANSWERS AND DEFENSES

Defendant hereby states the following affirmative and additional defenses to the Complaint as follows, but does not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted.

### I.

Plaintiff's Complaint is barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### II.

Some of Plaintiff's claims are barred by the applicable statutes of limitation and administrative charge-filing periods to the extent that those claims are predicated in whole or in part upon events occurring outside the relevant period(s) of limitations.  To

3

the extent that Plaintiff's claims were not included within the scope of an administrative charge timely filed with the EEOC, Plaintiff has failed to satisfy this condition precedent to filing a claim under Title VII of the Civil Rights Act of 1964, as amended.

## III.

All of Defendant's actions toward the Plaintiff were based on legitimate, lawful, job-related business reasons. Any actions engaged in by Defendant The Budd Group would have been the same regardless of Plaintiff's sex and regardless of her allegedly engaging in any activity protected under Title VII of the Civil Rights Act of 1964, as amended or any other applicable law.

## IV.

Defendant denies that Plaintiff was subjected to a hostile work environment actionable under Title VII. Defendant, at all relevant times, had policies prohibiting harassment and discrimination and took reasonable steps to publish these policies and advise Plaintiff of these policies. Furthermore, Defendant had in place a complaint procedure through which Plaintiff could complain utilizing a toll-free hotline or speaking to human resources personnel. Plaintiff did not complain to appropriate individuals at Defendant and did not use Defendant's complaint procedures to complain that any employee was subjecting her to offensive or unwelcome conduct at any time. To the extent Plaintiff did not object to any conduct or did not bring it to the attention of Defendant, Plaintiff is estopped from complaining at this time. Defendant cannot be held liable for any

harassment that it did not know about and that Plaintiff did not promptly and properly bring to its attention through appropriate channels.

V.

On information and belief, to the extent that Plaintiff has suffered any damages as a result of any unlawful action by Defendant The Budd Group (which liability is expressly denied), Plaintiff has failed to mitigate any alleged damages. Further, to the extent that Plaintiff has received (or with reasonable diligence could have received) other income from other sources for the period of time she alleges any loss of income from Defendant, such amount should be setoff against (and should reduce) any alleged damages she seeks to obtain from Defendant The Budd Group.

VI.

Expressly denying that any unlawful act has been committed, Plaintiff's claims are barred, in whole or in part, because any such unlawful act would be outside the scope of employment for any employee committing such an act and not in furtherance of Defendant's business, and Defendant did not participate in, authorize, condone or ratify any such act.

VII.

Plaintiff's claims under Title VII are barred to the extent that Plaintiff failed to exhaust her administrative remedies before the EEOC or comply with all conditions precedent to the institution of a civil action as required by 42 U.S.C. § 2000e-5. The Court lacks subject matter jurisdiction and Plaintiff lacks standing to maintain this action

5

to the extent that the issues and allegations in the Complaint exceed the scope of administrative proceedings before the EEOC or are not reasonably related to the allegations in Plaintiff's EEOC Charge, or to the extent that the EEOC failed to comply with the administrative procedures for processing Plaintiff's Charge.

## VIII.

Plaintiff's claims for compensatory and punitive damages under federal law are limited by and subject to the provisions of 42 U.S.C. § 1981(a).

## IX.

Defendant did not engage in discriminatory or unlawful conduct with malice or reckless indifference to the Plaintiff's rights under applicable federal or state laws. To the extent any discriminatory or otherwise unlawful conduct occurred (which is denied), this conduct was directly contrary to Defendant's good faith efforts to comply with federal and state laws. Defendant did not willfully, knowingly or intentionally discriminate against Plaintiff or act with indifference to Plaintiff's federally protected rights, therefore Plaintiff is barred from recovering any punitive damages from Defendant. Under these circumstances, an award of punitive damages would be unwarranted and unconstitutional.

## X.

Plaintiff's claims are barred to the extent that the doctrines of unclean hands, estoppel, laches and/or waiver apply to the facts of this case.

**XI.**

Some or all of Plaintiff's purported claims are barred because, even if Defendant was to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, <u>which Defendant denies</u>, no such decisions were motivated by any impermissible factors, and/or Defendant would have taken the same action with regard to Plaintiff's employment regardless of any impermissible factors.

**XII.**

Plaintiff is not entitled to some or all of the relief requested in the Complaint because, even if any unlawful conduct occurred, <u>which Defendant denies</u>, such conduct was prohibited by Defendant's policies and was not within the actual or constructive knowledge of higher management in Defendant's corporate structure, and/or Defendant cannot be held liable for alleged, discrimination, other misconduct, damages, or punitive damages which are contrary to Defendant's express policies, procedures and good faith efforts to comply with applicable laws.

**XIII.**

Defendant reserves the right to assert additional defenses as Plaintiff's claims are more fully disclosed during the course of this litigation.

WHEREFORE, The Budd Group, Inc. prays the Court as follows:

1. That Plaintiff's Complaint and each of the claims alleged therein be dismissed, and that Plaintiff recover nothing of this Defendant;

7

Case 7:13-cv-00166-BR   Document 11   Filed 09/25/13   Page 7 of 9

2. That Defendant recover of Plaintiff its reasonable costs, including attorney's fees; and

3. That the Court order such other and further relief for Defendant as the Court shall deem just and proper.

This the 25th day of September, 2013.

/s/ Corena A. Norris-McCluney
Corena A. Norris-McCluney NCSB #29366
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500
Email: cnorris-mccluney@KilpatrickTownsend.com
*Attorney for Defendant The Budd Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2013, I electronically filed the foregoing **ANSWER OF DEFENDANT THE BUDD GROUP, INC.** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following registered users:

None

and I hereby certify that I have mailed the document to the following non CM/ECF participants:

Julia Paige McEntire
P.O. Box 356
Warsaw, KY 41095

St. James Plantation, LLC
4006 St. James Drive SE
Southport, NC 28461

Respectfully submitted,

/s/ Corena A. Norris-McCluney
Corena A. Norris-McCluney NCSB #29366
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101-2400
Telephone: (336) 607-7300
Facsimile: (336) 607-7500
Email: cnorris-mccluney@KilpatrickTownsend.com
*Attorney for Defendant The Budd Group, Inc.*