UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:13-CV-00166-BR

| | | |
|---|---|---|
| JULIA PAIGE MCENTIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| THE BUDD GROUP, INC., | ) | |
| SAINT JAMES PLANTATION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion to dismiss of defendant St. James Plantation, LLC ("St. James"). (DE # 15.) The Clerk provided to plaintiff notice of the motion. (DE # 17.) Plaintiff has not filed a response to the motion.

In her *pro se* complaint, plaintiff claims that defendants discriminated against her during her employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (DE # 3.) St. James contends that plaintiff's claims against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Specifically, St. James argues that plaintiff has failed to exhaust her administrative remedies.

Before a plaintiff may file suit under Title VII, she is required to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). See 42 U.S.C. § 2000e-5(b). "Th[is] exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005). "[A] failure by the plaintiff to exhaust administrative

remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citation omitted). The charge plaintiff filed with the EEOC only names defendant The Budd Group, Inc. (See Mot., Ex. A, DE # 15-1; see also Compl., Ex. A, DE # 3 (right-to-sue letter not copied to St. James).) There is no indication that plaintiff ever filed an EEOC charge claiming that St. James discriminated against her. Because she did not exhaust her administrative remedies as to any claim against St. James, plaintiff's claims against St. James must be dismissed for lack of subject matter jurisdiction.

St. James's motion to dismiss is ALLOWED. Plaintiff's claims against St. James are DISMISSED WITHOUT PREJUDICE, and St. James is DISMISSED from this case.

This 20 November 2013.

                W. Earl Britt
                Senior U.S. District Judge